IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CANDIDO MARTINEZ,**

        **Plaintiff,**

vs.                                              No. CIV 96-0323 JP/JHG

**CITY OF ALBUQUERQUE, LANCE FLEMING, CISCO MARTINEZ, WAYNE JONES, J.A. MOSHER, JOSEPH POLISAR, JOHN MCKENNA, and APD OFFICER GEORGE CARRILLO, APD SERGEANT MIKE REYNOLDS, individually and as police officers for the Albuquerque Police Department, and BOB STOVER, as Chief of Police,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

On February 20, 1998 Defendants filed their "Joint Defense Motion for Summary Judgment" (Doc. No. 242). After careful consideration of the law and the briefs, I have decided that the motion should be granted.

At a pretrial conference held July 6, 1998 and by letter dated July 20, 1998, counsel for the Plaintiff informed me that the Plaintiff's state court conviction is currently before the New Mexico Court of Appeals. In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.  Id.  The court further stated that

> [T]he statute of limitations poses no difficulty while the state challenges are being pursued, since the §1983 claim has not yet arisen.  Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a §1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489-90 (internal citations omitted).

Because Plaintiff's §1983 claims would challenge his state court conviction, his claims should be dismissed without prejudice pending the outcome of his appeal to the New Mexico Court of Appeals.  Under the analysis of Heck v. Humphrey, Plaintiff's § 1983 claims do not accrue until his conviction has been invalidated, id., and the statute of limitations will not begin to run until that time.  Furthermore, in a letter dated July 7, 1998, counsel for Defendants indicated her belief that the doctrine of equitable tolling applies to Plaintiff's § 1983 claims while he awaits the decision of the state appellate court.

Plaintiff's pendent state claims also should be dismissed without prejudice.  Because principles of comity and federalism dictate that a state court should try its own lawsuits absent compelling reasons to the contrary, the court may decline to exercise jurisdiction over state law claims when the federal claim is dismissed before trial.  Thatcher Enterprises v. Cache County Corp., 902 F.2d 1472, 1478 (10th.Cir. 1990).

IT IS THEREFORE ORDERED that Defendants' "Joint Defense Motion for Summary Judgment" (Doc. No. 242) is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE